**UNIVERSAL MANUFACTURING CORPORATION, Plaintiff,**

v.

**VULCAN DENVER CORPORATION, Defendant.**

**Civ. A. No. 67–1463.**

United States District Court
W. D. Pennsylvania.

Dec. 14, 1967.

**386**

Leonard L. Stewart, Reding, Blackstone, Rea & Sell, Pittsburgh, Pa., for plaintiff.

### OPINION

WEBER, District Judge.

In this diversity action Plaintiff, a Pennsylvania corporation, brings suit against Defendant, a Colorado corporation, having its principal place of business in Colorado. A motion has been presented requesting leave to make service on the defendant under Section 1011, subd. B of the Pennsylvania Corporation Code, 15 P.S. § 2011, upon the Secretary of the Commonwealth of Pennsylvania as is provided for non-registered corporations doing business in Pennsylvania. The statute says: "On petition, alleging conduct of business within the Commonwealth by any corporation not qualified * * * the court * * * shall authorize service to be made upon the Secretary of the Commonwealth." All we have here is a motion which recites that defendant "does business in Pennsylvania by purchasing supplies and parts in Pennsylvania and by selling its equipment in Pennsylvania."

Our reading of the Pennsylvania statute indicates that more is required than such a simple statement. When the Pennsylvania Act recites "on petition", the state practice requires petitions to be verified, the within motion is not. Fur-thermore, the petition must allege conduct of business. We believe that a more specific allegation of facts should be presented in such a sworn petition to authorize such service. Of course, such orders are made by the court ex parte but we believe that it is incumbent upon the court to see that something more than a bare undetailed and unsworn allegation is presented in support of a petition which will cause service of process to be made upon a corporation in Colorado requiring it to appear and defend an action filed in the Western District of Pennsylvania. Subsequent to such service the defendant corporation may attack the service but we do not believe that this is a sufficient protection against undue annoyance unless the plaintiff presenting such application has been required to show a prima facie case of doing business. The motion will be denied with leave to present an application for substituted service in accordance with this Opinion.